UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DIAMANTE FRAZIER,

                Petitioner,

                                    ORDER
      -against-

                                      19-CV-8738 (CS)
UNITED STATES OF AMERICA,                17-CR-364-7 (CS)

                Respondent.
-----------------------------------------------------x

Seibel, J.

Before the Court is Diamante Frazier's petition under 28 U.S.C. § 2255, (Doc. 459

("Pet.")), and the Government's opposition thereto, (Doc. 522).[1]  The Court assumes the parties'

familiarity with the record in the underlying criminal case; the standards governing § 2255

petitions; and the *Davis/Barrett/Johnson* line of cases.  *See United States v. Davis*, 139 S. Ct.

2319 (2019); *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018), *vacated*, 139 S. Ct. 2774

(2019), *on remand,* 937 F.3d 126 (2019) ("*Barrett II*"); *Johnson v. United States*, 576 U.S. 591

(2015) ("*Johnson II*").  Defendant challenges his conviction under 18 U.S.C. § 924(c) for using a

firearm during and in relation to a crime of violence, arguing that post-*Davis*, the predicate

offenses for that conviction no longer qualify as crimes of violence.

    *Davis* rejected a case-specific approach to determining if an offense was a crime of

violence under 18 U.S.C. § 924(c)(3)(B) – known as the residual or risk-of-force clause – and

required a categorical approach.  *See Barrett II*, 937 F.3d at 128.[2]  Under that approach,

---

[1] All docket references are to No. 17-CR-364.

[2] Section 924(c)(3) reads as follows:

      (3) For purposes of this subsection the term "crime of violence" means an offense that is
      a felony and –

§ 924(c)(3)(B) was found to be void for vagueness.  *See id.*  Thus, convictions under 18 U.S.C. §

924(c)(1)(A) that were based on underlying offenses that did not meet the requirements of 18

U.S.C. § 924(c)(3)(A) – known as the elements or force clause – would have to be vacated.  *See*

*id.*

        Petitioner argues that his conviction under § 924(c) must be vacated because its

underlying offenses do not meet the elements clause.  Specifically, he challenges his conviction

on Count 14, which charged him with brandishing a firearm in connection with the offense

charged in Count 2, which in turn charged assault with a dangerous weapon and attempted

murder in aid of racketeering.[3]  The Government argues that the conviction on Count 14 should

stand for two reasons: 1) Petitioner's vagueness challenge to that count was procedurally

defaulted because it could have been raised on direct appeal; and 2) that count has valid

underlying predicates that meet the requirements of the elements clause.

**I.      Procedural Default**

        Failure to raise a claim on direct appeal forecloses review of that claim under § 2255,

unless the movant can show either cause for that failure and actual prejudice therefrom, or actual

---

        (A) has as an element the use, attempted use, or threatened use of physical force
        against the person or property of another, or

        (B) that by its nature, involves a substantial risk that physical force against the
        person or property of another may be used in the course of committing the
        offense.

18 U.S.C. § 924(c)(3).

[3] As charged, Count 14 alleged the discharge of a firearm in connection with the assault with a
dangerous weapon and attempted murder in aid of racketeering charged in Count 2 and in
connection with the narcotics conspiracy charged in Count 3.  The latter predicate is unaffected
by *Davis*.  But the parties' plea agreement provided that Petitioner would plead to the lesser
included offense of brandishing a firearm in connection with assault with a dangerous weapon
and attempted murder in aid of racketeering, and his plea thus did not encompass the narcotics
predicate.

innocence.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  This is so even if, after the

conviction has become final, there is a change in substantive law helpful to the movant.  *See id.*

at 622-23; *United States v. Thorn*, 659 F.3d 227, 232-33 (2d Cir. 2011).  To show cause for

failure to raise the issue on direct appeal, the movant must demonstrate an objective factor that

prevented him from raising it, such as the claim being so novel that it was not reasonably

available.  *Bousley*, 523 U.S. at 622.  "[T[he question is not whether subsequent legal

developments have made counsel's task easier, but whether at the time of the default the claim

was 'available' at all."  *Thorn*, 659 F.3d at 233 (internal quotation marks omitted).  If others were

raising the claim at the time of direct review, it was "available" even if it would not have

succeeded in the particular court.  *Bousley*, 523 U.S. at 622-23.  "[T]o show prejudice, a

petitioner must show actual and substantial disadvantage, not merely the possibility of

prejudice."  *Gulyan v. Warden, F.C.C. Danbury*, No. 06-CV-4942, 2010 WL 744520, at \*2

(E.D.N.Y. Mar. 1, 2010) (internal quotation marks omitted)[4]; *see Murray v. Carrier*, 477 U.S.

478, 494 (1986) (error is prejudicial if it worked to petitioner's actual and substantial

disadvantage, infecting entire trial with error of constitutional dimension).  "'[A]ctual innocence'

means factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.

It is undisputed that Petitioner did not raise a vagueness challenge to Count 14 on direct

appeal.  The only reason he advances for that failure is that *Davis* had not yet been decided.

Petitioner's judgment of conviction was entered on April 3, 2019 and became final on April 17,

2019.  *See United States v. Williams*, No. 07-CR-6032, 2019 WL 6170050, at \*2 (W.D.N.Y. Nov.

18, 2019) (noting that judgment is final fourteen days after entry if defendant did not appeal)

(citing Fed. R. App. P. 4(b) and 28 U.S.C. § 2255(f)(1)).  While it is true that *Davis* was not

---

[4] My chambers will send Petitioner copies of all unreported cases cited in this Order.

decided by the Supreme Court until June 24, 2019, it had been fully briefed and in fact was

argued on April 17, 2019.  Moreover, *Davis*'s predecessor, *Johnson v. United States* ("*Johnson*

*II*"), 576 U.S. 591 (2015) – which found void for vagueness a provision of the Armed Career

Criminal Act that was similarly worded to § 924(c)'s residual clause – had been decided, as had

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which found the similarly worded 18 U.S.C. § 16(b)

to be void for vagueness.  Thus, "[m]any courts in this Circuit have found that defendants' failure

to challenge their conviction pursuant to *Johnson* [*II*] on direct appeal precludes reliance on

*Davis* in a collateral proceeding, because *Johnson* [*II*] provided all of the tools to construct a

constitutional vagueness challenge to a conviction under the residual clause prior to *Davis.*"

*United States v. McCarron*, No. 15-CR-257, 2020 WL 2572197, at *5 (E.D.N.Y. May 20, 2020)

(internal quotation marks omitted) (collecting cases); *see Thorn*, 659 F.3d at 233 (claim available

where, by the time of petitioner's direct appeal, other defense attorneys had raised the argument);

*see also Vilar v. United States*, No. 16-CV-5283, 2020 WL 85505, at * 2 (S.D.N.Y. Jan. 3, 2020)

(assuming claim not reasonably available where no indication that *Davis* or *Johnson* was "even

close to anybody's radar screen in 1987 or 1988").

 The vagueness challenge was therefore available.  That the claim would have failed under

controlling Circuit precedent at the time does not excuse the failure to preserve it or otherwise

constitute cause.  *Bousley*, 523 U.S. at 623 (internal quotation marks omitted); *see Mizell v.*

*United States*, No. 19-CV-6849, 2020 WL 2216561, at *5 (S.D.N.Y. May 6, 2020).[5]

---

[5] Nor does the appellate waiver in Petitioner's plea agreement constitute "cause."  *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (*per curiam*); *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995); *Donato v. United States*, No. 09-CV-5617, 2012 WL 4328368, at *3 (E.D.N.Y. Sept. 20, 2012).

Because Petitioner has not shown cause for his failure to raise the vagueness challenge to his conviction on Count 14, the claim is procedurally defaulted and the petition must be dismissed.[6]

## II.    Merits

I nevertheless reach the merits in an excess of caution.

Count 14 survives *Davis* because it was predicated on crimes of violence that categorically fit under the elements clause – specifically, assault with a dangerous weapon in aid of racketeering and attempted murder in aid of racketeering.  Under the required categorical approach, *see Davis*, 139 S. Ct. at 2325-27,[7] the predicate offenses must have an element involving physical force, which under *Johnson v. United States* ("*Johnson I*"), must be "*violent force* – that is, force capable of causing physical pain or injury to another person," 559 U.S. 133, 140 (2010) (emphasis in original).  Assault with a dangerous weapon and attempted murder under New York law meet that definition.  Although one could perhaps dream up applications of those statutes that might not meet *Johnson I*, to show that a predicate conviction is not a crime of violence "requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).  "It requires a realistic probability, not a theoretical possibility," that the statute would be applied to non-violent conduct, which in turn

---

[6] As there is no showing of cause, I need not address prejudice.  *See Pham v. Kirkpatrick*, 209 F. Supp. 3d 497, 514 (N.D.N.Y. 2016), *aff'd*, 711 F. App'x 67 (2d Cir. 2018).  Nor need I address actual innocence – which Petitioner does not claim and which he could not, given his admissions in his plea agreement, at his guilty plea and at his sentencing.  *See Papetti v. United States*, No. 09-CV-3626, 2010 WL 3516245, at *8 (E.D.N.Y. Aug. 31, 2010) ("A federal habeas court is entitled to rely on statements made during an allocution even in the face of a later, contrary claim.") (internal quotation marks omitted).

[7] Under the categorical approach, the court examines the elements of the state statute at issue to determine if they are identical to or narrower than the relevant federal statute.  *United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017).

requires a showing of such application in a real case, whether the defendant's own or another's. *Id.* It is thus not surprising that the Second Circuit and courts within it have found the state-law bases for the racketeering crimes charged here as § 924(c) predicates – attempted murder under New York Penal Law §§ 125.25 and 110.00, and assault with a dangerous weapon under New York Penal Law § 120.05 – to be crimes of violence. *See United States v. Smith*, 813 F. App'x 662, 664-65 (2d Cir. 2020) (summary order) (assault with dangerous weapon in violation of N.Y. Penal Law § 120.05(2) constitutes crime of violence under elements clause); *United States v. Sierra*, 782 F. App'x 16, 20-21 (2d Cir. 2019) (summary order) (attempted murder under New York law involves use of physical force), *cert. denied*, 140 S. Ct. 2540 (2020); *United States v. Praddy*, 729 F. App'x 21, 24 (2d Cir. 2018) (summary order) (attempted murder "unmistakably" involves use of physical force) (internal quotation marks omitted); *United States v. Scott*, 681 F. App'x 89, 95 (2d Cir. 2017) (summary order) (attempted murder is crime of violence);[8] *United States v. Medunjanin*, No. 10-CR-19, 2020 WL 5912323, at *5 (E.D.N.Y. Oct. 6, 2020) (attempted murder and assault with a deadly weapon are crimes of violence); *Abrue v. United States*, No. 16-CV-5052, 2020 WL 4570338, at *4 (S.D.N.Y. Aug. 7, 2020) (attempted murder is a crime of violence); *Mayes v. United States*, No. 12-CR-385, 2019 WL 6307411, at *4 (E.D.N.Y. Nov. 25, 2019) ("Attempted murder, under either the New York state or federal standard, requires the attempted use of physical force."); *cf. Singh v. Barr,* 939 F.3d 457, 463-64 (2d Cir. 2019) (*per curiam*) (Penal Law § 120.05(2) requires use of violent physical force).[9]

---

[8] While the cited Second Circuit decisions are summary orders, they are an indication of that Court's views, which this Court should not disregard, *see United States v. Tejada*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010), particularly because they address matters of law, *see Boykin v. United States*, No. 16-CV-4185, 2020 WL 774293, at *7 (S.D.N.Y. Feb. 18, 2020), and because they have been repeated.

[9] These decisions are consistent with the Supreme Court's holdings in *United States v. Castleman*, 572 U.S. 157 (2014), that "the knowing or intentional application of force is a 'use'

Because the New York statutes underlying the substantive violent crimes in aid of

racketeering are crimes of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), and

because those substantive violent crimes in aid of racketeering are therefore also crimes of

violence under that clause, and because those substantive violent crimes in aid of racketeering

underlie the challenged § 924(c) violation, that conviction remains valid.

## Conclusion

For the reasons stated above, the Petition is denied.  As Petitioner makes no substantial

showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28

U.S.C. § 2253; *Mathews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  The Clerk of Court

is respectfully directed to: 1) docket this Order in No. 17-CR-364 and No. 19-CV-8738;

2) terminate Doc. 459 in No. 17-CR-364; 3) close No. 19-CV-8738; and 4) send a copy of this

Order to Diamante Frazier, No. 79257-054, FCI Fort Dix, Federal Correctional Institution, P.O.

Box 2000, Joint Base MDL, NJ  08640.

SO ORDERED.

Dated: January 12, 2021
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

of force," *id.* at 170, and the "intentional causation of bodily injury necessarily involves the use
of physical force," *id.* at 169.  It is thus irrelevant that one could commit one of the underlying
state crimes via poison or omission. *United States v. Sanchez*, 940 F.3d 526, 535-36 (11th Cir.),
*cert. denied*, 140 S. Ct. 559 (2019); *cf. Banegas Gomez v. Barr*, 922 F.3d 101, 108 (2d Cir. 2019)
(poisoning involves use of physical force), *cert. denied*, 140 S. Ct. 954 (2020).